FILED
SUPERIOR COURT
OF GUAM

2023 SEP 18 PM 4: 20

CLERK OF COURT
CM
BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CM0045-23** |
| | GPD Report No. 23-03472 |
| v. | |
| | **DECISION AND ORDER** |
| **IOSEFO T. LEASIOLAGI,** | **DENYING** |
| DOB: 05/05/1993 | **DEFENDANT'S MOTION TO SUPPRESS** |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on August 21, 2023 for hearing on Iosefo T. Leasiolagi's ("Defendant's") Motion to Suppress ("Motion"). Assistant Attorney General Heather Zona represents the People of Guam and Attorney Christine Arriola represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

### BACKGROUND

Defendant is charged with Driving While Impaired (as a Misdemeanor) and Resisting Arrest (as a Misdemeanor). See Magistrate's Complaint (Feb. 6, 2023). The charges stem from an incident at Sinajana's Mobile Gas Station in the early morning of February 5, 2023. Id. A gas station attendant called the Guam Police Department ("GPD"), reporting that a "highly intoxicated male" was operating a white Jeep Wrangler on the station's premises. See Court Recording at 10:57:30-11:01:00 (Aug. 21, 2023).

GPD Officers Nucum and Wright arrived on scene, and neither interacted with the reporting attendant who had already left the premises after her work shift ended. Id. at 11:39:00. However, the Officers located the car in question parked at one of the gas pumps. Id. at 11:04:00. Officers observed Defendant sleeping behind the wheel while the car's lights and ignition remained on. Id. at 11:04:00, 11:19:00. The Officers then woke Defendant up and instructed him to turn his vehicle off.

Decision and Order Denying Defendant's Motion to Suppress
CM0045-23, *People of Guam v. Iosefo T. Leasiolagi*
Page 1 of 4

Defendant had trouble turning his vehicle off and appeared disoriented, fumbling with the air conditioning before turning off the car's ignition. Id. at 11:28:00. Throughout the interaction, both Officers noticed the smell of alcohol on Defendant's breath. Id. at 11:19:30, 11:27:00. Defendant was offered a field sobriety test, which he refused. Id. at 11:17:45, 11:40:00. Defendant was subsequently arrested for the above-mentioned charges.

On July 28, 2023, Defendant filed his Motion to Suppress. Defendant claims that the GPD Officers detained him before developing any reasonable suspicion of unlawful criminal activity. See Motion at 4-7 (Jul. 28, 2023). Therefore, Defendant requests that all evidence obtained during his detention be suppressed as "fruit of the poisonous tree". Id. at 7-8.

On August 7, 2023, the People filed their Opposition to Defendant's Motion ("Opposition"). The People claim the Officers had reasonable suspicion of unlawful criminal activity, having personally observed Defendant asleep behind the wheel before detaining him. See Opposition at 2 (Aug. 7, 2023).

The Court held a hearing on August 21, 2023. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

### I.  Preliminary Rules:

The Fourth Amendment provides that people should be free from unreasonable searches and seizures. See U.S. Const. amend. IV. A seizure occurs when law enforcement stops a vehicle, because a reasonable person would feel they are not free to decline the officer's requests or otherwise immediately terminate the encounter. See People v. Chargualaf, 2001 Guam 1 ¶ 17. Evidence obtained from a Fourth Amendment violation is inadmissible. See Terry v. Ohio, 392 U.S. 1, at 12 (1968).

Police have authority to briefly detain someone if they have a reasonable suspicion of unlawful activity. Id. at 10. To determine whether an officer's belief is reasonable, courts look at the totality of the circumstances, and whether that belief is based on "specific reasonable inferences" supported by articulable facts, or merely inadequate suspicion. Id. at 27.

Decision and Order Denying Defendant's Motion to Suppress
CM0045-23, *People of Guam v. Iosefo T. Leasiolagi*
Page 2 of 4

**II. GPD's seizure of Defendant was constitutional because the Officers had a reasonable suspicion of unlawful criminal activity.**

GPD Officers Nucum and Wright clearly had reasonable suspicion of criminal activity justifying their temporary stop/seizure of Defendant.

Before conducting the seizure, a report/tip was made to the Officers that a "highly intoxicated male" was operating a white Jeep Wrangler on the station's premises. See Court Recording at 10:57:30-11:01:00 (Aug. 21, 2023). This report/tip provided a description of both the car's make/model and its license plate. Id. at 11:04:00. In *People v. Mansapit*, the Supreme Court of Guam found a detention unlawful when it was predicated on a report/tip stating "there's a guy with weapons out there." See *People v. Mansapit*, 2016 Guam 30 ¶ 3, 30. The Court ruled that this tip did not "reliably assert an illegal act", and thus did not provide reasonable suspicion of criminal activity. Id. at ¶ 15. However, unlike the tip in *Mansapit*, the tip here does reliably assert an illegal act. The tip indicates that a "highly intoxicated male" was operating a white Jeep Wrangler on the station's premises. See Court Recording at 10:57:30-11:01:00 (Aug. 21, 2023). Unlike possessing a weapon, operating a vehicle under the influence in public is an inherently illegal act. Therefore, the tip here can and did provide the officers with a reasonable suspicion of criminal activity.

Furthermore, the Officers developed a reasonable suspicion of Defendant's criminal activity by observing him asleep behind the wheel with both his car's ignition and lights on. Id. at 11:04:00, 11:19:00. By the time GPD Officers woke Defendant up and instructed him to turn his car off, the Officers already had a reasonable suspicion that Defendant was engaged in criminal activity, that being the operation of a motor vehicle while impaired.

The GPD Officers had a reasonable suspicion of Defendant's criminal activity before seizing him. The Officers received a report that an intoxicated man was operating the same vehicle they found Defendant in. See Court Recording at 10:57:30-11:01:00 (Aug. 21, 2023). The Officers also personally observed Defendant sleeping behind the wheel with his car's ignition on, suggesting he was operating the vehicle in an intoxicated state. Id. at 11:04:00.

Decision and Order Denying Defendant's Motion to Suppress
CM0045-23, *People of Guam v. Iosefo T. Leasiolagi*
Page 3 of 4

Therefore, the Officers had reasonable suspicion of Defendant's criminal conduct, making the seizure proper, and any evidence resulting therefrom admissible.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. GPD Officers properly seized Defendant since they had reasonable suspicion of his criminal activity. Evidence resulting from the seizure is therefore admissible.

**IT IS SO ORDERED** this ___September 18, 2023___



_____

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion to Suppress
CM0045-23, *People of Guam v. Iosefo T. Leasiolagi*
Page **4** of **4**